## STATE OF FLORIDA v PATTEN
### Case No. 81-19702
Eleventh Judicial Circuit, Dade County

May 15, 1989

### APPEARANCES OF COUNSEL

Assistant State Attorney Rosenbaum, for plaintiff.
**William Richey,** and **Alan Fine,** for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

### *SENTENCING ORDER*

THIS CAUSE comes before the Court for sentencing of the defendant, ROBERT PATTEN, following a conviction by a jury of, among other charges, one count of First Degree Murder of a uniformed Miami Police Officer in 1981. The conviction was affirmed but a new sentencing hearing ordered. *Patten v State,* 467 So.2d 975 (Fla. 1985).

On May 4, 1989, the jury after considering the evidence, testimony and argument from both the State and the defense on the applicable aggravating and mitigating factors under Section 921.141, *Florida*

*Statutes* (1987) and nonstatutory mitigating factors; i.e. *Lockett v Ohio,* 438 U.S. 586 (1978), deliberated and by a vote of 11 to 1 returned an advisory sentence recommending imposition of the death penalty. The Court has given this recommendation serious consideration and great weight.

On May 15, 1989, the Court heard further testimony from Mr. Patten and argument presented by the defense and the State.

After carefully considering and weighing the jury recommendation, as well as independently reviewing the evidence in light of the provisions of Section 921.141, *Florida Statutes* (1987), the Court concludes that the aggravating factors in this case outweigh any possible mitigating circumstances, and does hereby impose the sentence of death upon the defendant ROBERT PATTEN. The Court makes the following findings of fact, pursuant to Section 921.141(3), *Florida Statutes,* upon which it has based its sentence of death.

This Court gives great weight to the jury's recommendation of death based on the following aggravating circumstances.

1. The defendant was previously convicted of a felony involving the use or threat of violence to a person. Section 921.41(5)(b), *Florida Statutes.*

The Court finds that the defendant ROBERT PATTEN, was previously convicted of armed robbery in 1975. The Judgment Order was introduced by the State, the victim and the investigating police officer testified as well. This Court finds this conviction satisfies the proof required for this aggravating circumstance. *See King v State,* 390 So.2d 315, 320 (Fla. 1980); *LeCroy v State,* —— So.2d —— (Fla. 1988) (October 20, 1988); *Correll v State,* 523 So.2d 562 (Fla. 1988).

In addition, the defendant was convicted on March 4, 1982 of the armed robbery of Maxim Rhodes.

2. The crime for which the defendant is to be sentenced was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws, including preventing a lawful arrest by victim Officer Nathaniel Broom and hindering the probation officer's function.

The Court specifically considers these events as only one (1) aggravating circumstance and does not give it a "doubling effect." *Suarez v State,* 481 So.2d 1201 (Fla. 1985); *Provence v State,* 337 So.2d 783 (Fla. 1976); *White v State,* 403 So.2d 331 (Fla. 1981).

The evidence is clear that the defendant fired the shots in order to evade legal process despite having the opportunity to either surrender,

93

throw away the gun, or even escape without firing any shot. The defendant did escape over the same fence previously available but after firing more than one shot directly at the police officer.

The Court make the following determination as to mitigating circumstances, both statutory and non-statutory:

1. Whether the crime for which the defendant is to be sentenced was committed while he was under the influence of extreme mental or emotional disturbance.

Dr. Krop, an expert defense witness, testified that this mitigating circumstance was not existent in this case. He disagreed with the other defense witness, Jethro Toomer, a psychologist. The State expert witnesses, two psychiatrists, also contradicted Toomer's testimony and the Court makes credibility findings in favor of those witnesses and against witness Toomer.

2. Whether the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was substantially impaired.

There is no *credible* evidence as to that circumstance based on the direct and cross-examination of the witnesses.

3. Any other aspect of the defendant's character or record, and any other circumstance of the offense, including the emotional and physical abuse of the defendant; the defendant's use of drugs; his alleged personality disorders and history of mental illness.

The Court considers this factor and finds that the defendant was abused as a child and has used drugs, though *not* to the extent claimed by the defense. His alleged mental illness is contradicted by evidence of malingering, the records and the testimony showing that he is simply antisocial and has used drugs. The circumstances of being the victim of child abuse does not mitigate this offense and does not outweigh the aggravating circumstances found in this case. In other words, child abuse many years before did not make Mr. Patten kill Officer Broom.

Unlike *Fitzpatrick v State,* 527 So.2d 809 (Fla. 1988), no other statutory mitigating circumstances were argued nor were jury instructions requested by the defendant after being advised of such possibility. The defendant agreed on the record as to this and also expressed satisfaction with his attorneys, Mr. Richey and Mr. Fine.

The Court also heard from the defendant, who read a letter indicating that he feels remorseful. Forgiveness is up to God whenever we all meet Him and I ask him to have mercy on both your soul and mine.

However, this Court must follow the law and cannot ignore, despite defense counsel's urging, the jury's recommendations.

WHEREFORE, the Court agrees with the jury's recommendation of death, (11 to 1), finds that the possible sole mitigating circumstance, being the victim of child abuse by his mother, if valid at all, is outweighed by the two aggravating circumstances listed. The Court further finds that such mitigating circumstances do not apply in this case to a degree which would cause it to mitigate the crime or the sentence. In conclusion, the Court having reviewed the testimony and evidence presented during the sentencing hearing, finds that there are sufficient aggravating circumstances to justify the sentence of death which outweigh any mitigating circumstance that may be present. As reported in Suarez v State, supra, at 1209 "the sentencing process is not a mere exercise of counting up aggravating circumstances."

It is therefore, the Judgment and Sentence of the Court, that Robert Patten, having been previously adjudicated guilty of Murder in the First Degree, be sentenced to death for the murder of Officer Nathaniel Broom.

It is therefore ORDERED that ROBERT PATTEN be taken by the proper authorities into the custody of the Florida Department of Corrections and be kept under close confinement, to be executed at a time, date and place to be set according to law.

DONE and ORDERED this 15th day of May, 1989.